**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DANIEL A. DIERMEIER, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| PAUL DEL GALLO, an individual, CASSANDRA AMG LLC, a Delaware limited liability company, and FIRSTSIGHT B, LLC, a Delaware limited liability company, | ) Case No. _____ ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

**VERIFIED COMPLAINT**

NOW COMES Plaintiff, Daniel A. Diermeier ("Diermeier"), by and through his counsel Clark Hill PLC, and for his Complaint against Defendants Paul Del Gallo ("Del Gallo"), Cassandra AMG LLC ("Cassandra"), and FirstSight B, LLC ("FirstSight") states as follows:

**INTRODUCTION**

1. Each Defendant – Del Gallo, Cassandra, and FirstSight – executed and defaulted on a promissory note in favor of Diermeier, who is the present owner and holder of the notes. This civil action seeks damages against Defendants for their failure to fully pay Diermeier the debts owed him under the three promissory notes, including the full principal amount on each note and accrued interest.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because plaintiff and defendants are citizens of different states and the amount in

controversy exceeds $75,000.00 exclusive of interests and costs.

3. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Diermeier is an individual who resides in Illinois.

5. Del Gallo is an individual who resides in Massachusetts.

6. Cassandra is a Delaware limited liability company. Upon information and belief, Cassandra's principal place of business is in Boston, Massachusetts. Cassandra can be served through its registered agent, the Corporation Trust Company, at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

7. FirstSight is a Delaware limited liability company. Upon information and belief, FirstSight's principal place of business is in Massachusetts. FirstSight can be served through its registered agent, the Corporation Trust Company, at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

## FACTUAL ALLEGATIONS

### The Individual Note

8. On or around December 19, 2012, Del Gallo initiated and executed a note pursuant to which he promised to pay Diermeier the principal amount of $291,047.00 together with interest accruing at a floating rate equal to the prime rate as published in the Wall Street Journal (the "Individual Note"). *See* Exhibit 1.

9. Diermeier and Del Gallo negotiated the Individual Note over the telephone while Diermeier was in Chicago, Illinois.

10. Payment on the Individual Note was due to Diermeier in Illinois. *See* Exhibit 1 at ¶ 1.

11. On or around December 31, 2012, Diermeier gave Del Gallo $291,047.00.

12. Diermeier and Del Gallo agreed that principal and accrued interest under the Individual Note would be due on the December 31 occurring immediately after the fifth anniversary date of the loan. *See* Exhibit 1 at ¶ 2. Thus, the principal and accrued interest was due on December 31, 2017.

13. On July 12, 2018, Diermeier made a written demand for payment in Illinois of principal and accrued interest on the Individual Note. *See* Exhibit 2 at 2.

14. Del Gallo has failed to pay any amount due.

### The Cassandra Note

15. Del Gallo, as manager of Cassandra, initiated and executed a note pursuant to which Cassandra promised to pay Diermeier the principal amount of $42,500.00 together with interest accruing at a floating rate equal to the prime rate as published in the Wall Street Journal plus 1% and adjusted quarterly (the "Cassandra Note"). *See* Exhibit 3.

16. Diermeier and Del Gallo negotiated the Cassandra Note over the telephone while Diermeier was in Chicago, Illinois.

17. Payment on the Cassandra Note was due to Diermeier in Illinois. *See* Exhibit 3 at ¶ 1.

18. On or around November 14, 2016, Diermeier gave Cassandra $7,500.00 via wire transfer from his bank account at Chase Bank in Chicago, Illinois.

19. On or around December 28, 2016, Diermeier gave Cassandra $35,000.00 via wire transfer from his bank account at Chase Bank in Chicago, Illinois.

20. Diermeier and Cassandra agreed that principal and accrued interest under the Cassandra Note would be due within 10 business days of a written demand by Diermeier. *See*

Exhibit 3 at ¶ 2.

21. On August 17, 2017, Del Gallo sent an email to Georgeann Joseph, an agent of Diermeier, confirming that Diermeier gave Cassandra $42,500.00 and affirming Cassandra's obligation to pay Diermeier $42,500.00. *See* Exhibit 4.

22. On November 10, 2017, Diermeier made a written demand for payment in Illinois of principal and accrued interest on the Cassandra Note. *See* Exhibit 5.

23. Cassandra has failed to pay any amount due.

### **The FirstSight Note**

24. Del Gallo, as manager of FirstSight, initiated and executed a note pursuant to which FirstSight promised to pay Diermeier the principal amount of $60,000.00 together with interest accruing at a floating rate equal to the prime rate as published in the Wall Street Journal plus 1% and adjusted quarterly (the "FirstSight Note"). *See* Exhibit 6.

25. Diermeier and Del Gallo negotiated the FirstSight Note over the telephone while Diermeier was in Chicago, Illinois.

26. Payment on the FirstSight Note was due to Diermeier in Illinois. *See* Exhibit 6 at 5, ¶ 1.

27. On or around April 12, 2017, Diermeier gave FirstSight $50,000.00 via wire transfer from his bank account at Chase Bank in Chicago, Illinois.

28. On or around July 25, 2017, Diermeier gave FirstSight $10,000.00 via wire transfer from his bank account at Chase Bank in Chicago, Illinois.

29. Diermeier and FirstSight agreed that principal and accrued interest under the FirstSight Note would be due within 10 business days of a written demand by Diermeier. *See* Exhibit 6 at 5, ¶ 2.

4

30. On August 17, 2017, Del Gallo sent an email to Georgeann Joseph, an agent of Diermeier, confirming that Diermeier gave FirstSight $60,000.00 and affirming FirstSight's obligation to pay Diermeier $60,000.00. *See* Exhibit 4.

31. On November 10, 2017, Diermeier made a written demand for payment in Illinois of principal and accrued interest on the FirstSight Note. *See* Exhibit 7.

32. FirstSight has failed to pay any amount due.

## COUNT I
## BREACH OF CONTRACT – The Individual Note

33. Diermeier restates and incorporates by reference the allegations of Paragraphs 1 through 32 herein.

34. Del Gallo executed the Individual Note, pursuant to which Diermeier agreed to provide Del Gallo $291,047.00 and Del Gallo agreed to repay Diermeier the principal amount of $291,047.00 together with interest accruing at a floating rate equal to the prime rate as published in the Wall Street Journal. *See* Exhibit 1.

35. Diermeier performed his obligations under the Individual Note by giving Del Gallo $291,047.00.

36. Diermeier is the holder of the Individual Note.

37. The Individual Note matured on December 31, 2017.

38. On July 12, 2018, Diermeier made a written demand for payment of principal and accrued interest. *See* Exhibit 2 at 2.

39. Del Gallo has failed to pay any amount due under the Individual Note.

40. Del Gallo has no viable defenses for his failure to repay.

41. Diermeier has been damaged as a result of Del Gallo's breach of the Individual Note in the amount of $291,047.00 plus accrued interest.

5

**WHEREFORE**, Diermeier respectfully requests that the Court enter an order granting judgment in his favor and against Del Gallo in the amount of $291,047.00 plus accrued interest, costs incurred to collect on the note pursuant to Federal Rule of Civil Procedure 54(d)(1), and for any further relief this Court deems fair and proper.

**COUNT II**
**BREACH OF CONTRACT – The Cassandra Note**

42. Diermeier restates and incorporates by reference the allegations of Paragraphs 1 through 32 herein.

43. Del Gallo, as manager of Cassandra, executed a note pursuant to which Diermeier agreed to provide Cassandra with $42,500.00 and Cassandra agreed to repay Diermeier the principal amount of $42,500.00 together with interest accruing at a floating rate equal to the prime rate as published in the Wall Street Journal plus 1% and adjusted quarterly. *See* Exhibit 3.

44. Diermeier performed his obligations under the Cassandra note by providing Cassandra with $42,500.00.

45. Diermeier is the holder of the Cassandra Note.

46. The Cassandra Note matured on November 24, 2017, 10 business days after Diermeier made a written demand for payment of principal and accrued interest. *See* Exhibit 3 at ¶ 2 and Exhibit 5.

47. Cassandra has failed to pay any amount due under the Cassandra Note.

48. Cassandra has no viable defenses for its failure to repay.

49. Diermeier has been damaged as a result of Cassandra's breach of the Cassandra Note in the amount of $42,500.00 plus accrued interest.

**WHEREFORE**, Diermeier respectfully requests that the Court enter an order granting judgment in his favor and against Cassandra in the amount of $42,500.00 plus accrued interest,

6

costs incurred to collect on the note pursuant to Federal Rule of Civil Procedure 54(d)(1), and for any further relief this Court deems fair and proper.

## COUNT III
## BREACH OF CONTRACT – The FirstSight Note

50. Diermeier restates and incorporates by reference the allegations of Paragraphs 1 through 32 herein.

51. Del Gallo, as manager of FirstSight, executed a note pursuant to which Diermeier agreed to provide FirstSight with $60,000.00 and FirstSight agreed to repay Diermeier the principal amount of $60,000.00 together with interest accruing at a floating rate equal to the prime rate as published in the Wall Street Journal plus 1% and adjusted quarterly. *See* Exhibit 6.

52. Diermeier performed his obligations under the FirstSight Note by providing FirstSight with $60,000.00.

53. Diermeier is the holder of the FirstSight Note.

54. The FirstSight Note matured on November 24, 2017, 10 business days after Diermeier made a written demand for payment of principal and accrued interest. *See* Exhibit 6 at 5, ¶ 2 and Exhibit 7.

55. FirstSight has failed to pay any amount due under the FirstSight Note.

56. FirstSight has no viable defenses for its failure to repay.

57. Diermeier has been damaged as a result of FirstSight's breach of the FirstSight Note in the amount of $60,000.00 plus accrued interest.

**WHEREFORE**, Diermeier respectfully requests that the Court enter an order granting judgment in his favor and against FirstSight in the amount of $60,000.00 plus accrued interest, costs incurred to collect on the note pursuant to Federal Rule of Civil Procedure 54(d)(1), and for any further relief this Court deems fair and proper.

## COUNT IV
## ACCOUNT STATED - The Cassandra Note

58. Diermeier restates and incorporates by reference the allegations of Paragraphs 1 through 32 herein.

59. Del Gallo, as manager of Cassandra, executed a note pursuant to which Diermeier agreed to provide Cassandra with $42,500.00 and Cassandra agreed to repay Diermeier the principal amount of $42,500.00 together with interest accruing at a floating rate equal to the prime rate as published in the Wall Street Journal plus 1% and adjusted quarterly. *See* Exhibit 3.

60. Diermeier performed his obligations under the Cassandra Note by providing Cassandra with $42,500.00.

61. Diermeier is the holder of the Cassandra Note.

62. On August 17, 2017, Del Gallo sent an email to Georgeann Joseph, an agent of Diermeier, confirming that Diermeier gave Cassandra $42,500.00 and affirming Cassandra's obligation to repay Diermeier $42,500.00. *See* Exhibit 4. By this email, Del Gallo intended to establish the balance due to Diermeier and implied Cassandra would repay the balance.

63. Cassandra has not disputed the amount owed.

64. The Cassandra Note matured on November 24, 2017, 10 business days after Diermeier made a written demand for payment of principal and accrued interest. *See* Exhibit 3 at ¶ 2 and Exhibit 5.

65. Cassandra has failed to pay any amount due under the Cassandra Note.

66. Cassandra has no viable defenses for its failure to repay.

67. The sum of $42,500.00 plus accrued interest remains due and owing from Cassandra to Diermeier.

**WHEREFORE**, Diermeier respectfully requests that the Court enter an order granting

8

judgment in his favor and against Cassandra in the amount of $42,500.00 plus accrued interest, costs incurred pursuant to Federal Rule of Civil Procedure 54(d)(1), and for any further relief this Court deems fair and proper.

## COUNT V
## ACCOUNT STATED – The FirstSight Note

68. Diermeier restates and incorporates by reference the allegations of Paragraphs 1 through 32 herein.

69. Del Gallo, as manager of FirstSight, executed a note pursuant to which Diermeier agreed to provide FirstSight with $60,000.00 and FirstSight agreed to repay Diermeier the principal amount of $60,000.00 together with interest accruing at a floating rate equal to the prime rate as published in the Wall Street Journal plus 1% and adjusted quarterly. *See* Exhibit 6.

70. Diermeier performed his obligations under the FirstSight Note by providing FirstSight with $60,000.00.

71. Diermeier is the holder of the FirstSight Note.

72. On August 17, 2017, Del Gallo sent an email to Georgeann Joseph, an agent of Diermeier, confirming that Diermeier gave FirstSight $60,000.00 and affirming FirstSight's obligation to pay Diermeier $60,000.00. *See* Exhibit 4. By this email, Del Gallo intended to establish the balance due to Diermeier and implied FirstSight would repay the balance.

73. FirstSight has not disputed the amount owed.

74. The FirstSight Note matured on November 24, 2017, 10 business days after Diermeier made a written demand for payment of principal and accrued interest. *See* Exhibit 6 at 5, ¶ 2 and Exhibit 7.

75. FirstSight has failed to pay any amount due under the FirstSight Note.

76. FirstSight has no viable defenses for its failure to repay.

9

77. The sum of $60,000.00 plus accrued interest remains due and owing from FirstSight to Diermeier.

**WHEREFORE**, Diermeier respectfully requests that the Court enter an order granting judgment in his favor and against FirstSight in the amount of $60,000.00 plus accrued interest, costs incurred pursuant to Federal Rule of Civil Procedure 54(d)(1), and for any further relief this Court deems fair and proper.

Dated:  August 29, 2018    Respectfully submitted,

**DANIEL A. DIERMEIER**

By: */s/ Giel Stein*
One of His Attorneys

Giel Stein (ARDC #6275990)
Michael P. Croghan (ARDC #6312601)
CLARK HILL PLC
130 East Randolph Street | Suite 3900
Chicago, Illinois 60601-6317
T: (312) 985-5900 | F: (312) 985-5979
Email:  gstein@clarkhill.com
  mcroghan@clarkhill.com

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that the foregoing is true and correct.

_____
Daniel A. Diermeier

8/28/18
Date