**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL A. DIERMEIER, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18 cv 05942 |
| v. | ) | |
| | ) | |
| PAUL DEL GALLO, an individual, CASSANDRA | ) | |
| AMG, LLC, a Delaware limited liability company, | ) | Honorable Charles P. Kocoras |
| and FIRSTSIGHT B, LLC, a Delaware limited | ) | |
| liability company, | ) | |
| | ) | |
| Defendants. | ) | |

**CASSANDRA AMG, LLC'S AND FIRSTSIGHT B, LLC'S MEMORANDUM**
**IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(1)**

Now come Cassandra AMG, LLC ("Cassandra AMG") and Firstsight B, LLC ("Firstsight B"), by and through their attorneys, and for their Memorandum in Support of their Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1), state as follows:

**INTRODUCTION**

This Court does not have subject matter jurisdiction over the claims asserted by Daniel A. Diermeier ("Mr. Diermeier") against Cassandra AMG or Firstsight B for three reasons. First, there is no diversity of citizenship between Mr. Diermeier and Cassandra AMG. Mr. Diermeier is a citizen of the State of Illinois. Defendant Cassandra AMG is a limited liability company with Mr. Diermeier as a member, thus also making it a citizen of the State of Illinois. Second, Mr. Diermeier fails to adequately allege the citizenship of Firstsight B. And third, Mr. Diermeier fails to satisfy the minimum amount-in-controversy requirement of 28 U.S.C. §1332 as to both Cassandra AMG and Firstsight B. For these three reasons, Cassandra AMG and Firstsight B must be dismissed from the above-captioned action with prejudice.

## LEGAL STANDARDS

### I.      Fed.R.Civ.P. 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) permits a motion to dismiss a complaint for lack of subject matter jurisdiction. When ruling on a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff. *Rueth v. United States Environmental Protection Agency*, 13 F.3d 227, 229 (7th Cir. 1993). However, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)(per curiam)(quoting *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979)); *see also Rennie v. Garrett*, 896 F.2d 1057, 1057–58 (7th Cir. 1990). The burden of proof under Fed.R.Civ.P. 12(b)(1) rests with the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

## ARGUMENT

### I.      Plaintiff Mr. Diermeier and Defendant Cassandra AMG are both citizens of the State of Illinois and thus defeat diversity jurisdiction under 28 U.S.C. §1332(a)(1).

Mr. Diermeier admits in the Verified Complaint that he is a citizen of the State of Illinois for diversity jurisdiction purposes. *See* Verified Complaint at ¶4. And while it is not alleged in the Verified Complaint, Mr. Diermeier is also a member of Cassandra AMG. Regardless, Mr. Diermeier also alleges that Cassandra AMG is "a Delaware limited liability company" and "[U]pon information and belief, [Cassandra AMG's] principal place of business is in Boston, Massachusetts." See Verified Complaint at ¶6. However, the place of organization and principal place of business of a limited liability company are irrelevant to the question of a limited liability

company's citizenship for diversity jurisdiction purposes. *Trowbridge v. Dimitri's 50's Diner L.L.C.*, 208 F.Supp.2d 908 (N.D.Ill. 2002). Rather, the Seventh Circuit (along with numerous other courts of appeals) has repeatedly held that a limited liability company is a citizen of every state of which any member is a citizen. *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691 (7th Cir. 2003) citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998). As both Mr. Diermeier and Cassandra AMG are citizens of the State of Illinois, diversity jurisdiction under 28 U.S.C. § 1332(a)(1) cannot be established by Mr. Diermeier and Cassandra AMG must be dismissed from the above-captioned action with prejudice.

**II.     Mr. Diermeier's failure to adequately allege the citizenship of Cassandra AMG and Firstsight B under 28 U.S.C. § 1332(a)(1) requires dismissal.**

As he did with Cassandra AMG, Mr. Diermeier alleges in the Verified Complaint only Firstsight B's place of organization and principal place of business. *See* Verified Complaint at ¶7. And as discussed herein above, those allegations are not only completely and wholly irrelevant to the citizenship of a limited liability company such as Firstsight B but more importantly, those allegations are inadequate to plead the existence of diversity jurisdiction. "Information must be provided as to the state or states of citizenship of each member of the limited liability company." *Trowbridge* at 910 also citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998). "Every litigant who seeks entry to the federal court system has an affirmative responsibility to establish the existence of federal subject matter jurisdiction." *Id*. This Mr. Diermeier has not done. Numerous cases from this District have held to be fatal a plaintiff's failure to set forth allegations as to the state of citizenship of each member of a limited liability company as opposed to its place of organization and principal place of business. *See e.g.*, *Baymont Franchise Systems, Inc. v. Calu Hospitality, LLC*, 113 F.Supp.3d 1000 (N.D.Ill. 2015)("Hence this Court's practice during the past several years has been to heed our Court of

Appeals' directives calling for dismissal of cases involving other (but substantively equivalent) situations where counsel have violated other fundamentals of diversity jurisprudence (*see, e.g.*, *Adams v. Catrambone*, 359 F.3d 858, 861 n. 3 (7th Cir. 2004)).") Mr. Diermeier's failure to adequately plead the citizenships of both Cassandra AMG and Firstsight B is fatal to his claims against them and consequently, Mr. Diermeier's claims against both Cassandra AMG and Firstsight B should be dismissed with prejudice.

**III.     Mr. Diermeier fails to adequately allege that he has satisfied the amount-in-controversy requirement as to Cassandra AMG and Firstsight B under 28 U.S.C. §1332(a).**

28 U.S.C. § 1332(a) provides that district courts have jurisdiction of civil suits "where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs...." Mr. Diermeier has generically alleged simply that "the amount in controversy exceeds $75,000.00 exclusive of interests [sic] and costs." *See* Verified Complaint at ¶2. However, a careful reading of the Verified Complaint shows in fact that only the claim against Mr. Del Gallo actually satisfies the amount-in-controversy requirement of 28 U.S.C. §1332(a). According to the wherefore clauses of Counts II and IV of the Verified Complaint, Mr. Diermeier seeks only $42,500.00 "plus accrued interest [and] costs incurred to collect on the note pursuant to Federal Rule of Civil Procedure 54(d)(1)" against Cassandra AMG. And According to the wherefore clauses of Counts III and V of the Verified Complaint, Mr. Diermeier seeks only $60,000.00 "plus accrued interest [and] costs incurred to collect on the note pursuant to Federal Rule of Civil Procedure 54(d)(1)" against Firstsight B. "In diversity cases, when there are two or more defendants, plaintiff may aggregate the amount against the defendants to satisfy the amount in controversy requirement only if the defendants are jointly liable; however, if the defendants are severally liable, plaintiff must satisfy the amount in controversy requirement against each

individual defendant." *Middle Tennessee News Co., Inc. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1081 (7th Cir. 2001) citing *Motorists Mut. Ins. Co. v. Simpson*, 404 F.2d 511, 513 (7th Cir. 1969). *See also, LM Ins. Corp. v. Spaulding Enterprises, Inc.*, 533 F.3d 542 (7th Cir. 2008).

Here, Mr. Deirmeier is suing Mr. Del Gallo (and only Mr. Gallo) on the Individual Note, Cassandra AMG (and only Cassandra AMG) on the Cassandra Note, and Firstsight B (and only Firstsight B) on the Firstsight Note. The Defendants are not jointly liable on the Individual Note, the Cassandra Note or the Firstsight Note. Consequently, in order for Mr. Diermeier to meet the amount-in-controversy requirement of 28 U.S.C. § 1332(a), he must establish the amount-in-controversy threshold for each Cassandra AMG and Firstsight B, in addition to Mr. Del Gallo. Mr. Diermeier has not met that burden and cannot meet that burden.

Rather, in a blatant attempt to obfuscate the amount-in-controversy issue, Mr. Diermeier includes both "accrued interest" and "costs incurred to collect on the note pursuant to Federal Rule of Civil Procedure 54(d)(1)" in his demands against Cassandra AMG and Firstsight B. However, 28 U.S.C. §1332(a) is clear that the amount-in-controversy requirement is exclusive of interest. Further, the "costs" allowable under Fed.R.Civ.P 54(d)(1) cannot include attorneys' fees and are not identified in the Verified Complaint. These undefined and unidentified "costs" would have to amount to an additional $32,501 in regard to Cassandra AMG and an additional $15,001 in regard to Firstsight B in order to meet the jurisdictional threshold required under the diversity statute. And that is just in additional **costs**. Not only is it highly unlikely that this case will give rise to those types of costs, but Mr. Diermeier certainly has not sufficiently plead the likelihood of these substantial additional, required costs or how they might arise. As a result, Mr. Diermeier's claims against each of Cassandra AMG and Firstsight B in the above-captioned

action do not and cannot meet the amount-in-controversy requirement under 28 U.S.C. § 1332(a) and must be dismissed with prejudice.

CONCLUSION

For the reasons stated herein above and in the Motion to Dismiss for Lack of Subject Matter Jurisdiction, Cassandra AMG, LLC and Firstsight B, LLC hereby respectfully request that this Court enter an order dismissing each of them, with prejudice, from the above-captioned case and granting each of them such other and further relief as this Court deems just and appropriate.

Dated:  December 31, 2018

CASSANDRA AMG, LLC and
FIRSTSIGHT B, LLC

By: _/s/  William S. Hackney_
    One of its Attorneys

William S. Hackney, ARDC No. 06256042
SMITHAMUNDSEN LLC
150 North Michigan Ave.; Suite 3300
Chicago, Illinois 60601
Telephone:  312.894.3200
whackney@salawus.com